### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| KAISER GROUP INTERNATIONAL, | ) | |
| INC., et al., | ) | Case No. 00-2263 (MFW) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | (Jointly Administered) |
| | ) | |
| KAISER GROUP INTERNATIONAL, | ) | |
| INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NOVA HUT a.s. and | ) | |
| INTERNATIONAL FINANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | Adversary No. 01-928 (MFW) |
| _____ | ) | |

### MEMORANDUM OPINION[1]

Before the Court is the Motion of Mittal Steel Ostrava, a.s. (formerly Nova Hut, a.s.) for sanctions under Rule 9011 against Saul Ewing LLP. For the reasons set forth below, the Court will deny the Motion.

I.    BACKGROUND

In 1997, Nova Hut, a.s., and ICF Kaiser Netherlands B.V. ("Kaiser Netherlands"), a non-debtor subsidiary of Kaiser Group International, Inc., (the "Debtor") entered into an agreement

_____

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

(the "Agreement") whereby Kaiser Netherlands agreed to design and construct phase I of a steel mill at Nova Hut's facility in Ostrava, Czech Republic.  Under the Agreement, the steel mill constructed by Kaiser Netherlands was required to pass a mandatory quality and quantity standards performance test.  The Debtor guaranteed Kaiser Netherlands' performance under the Agreement and pledged its assets as collateral for a letter of credit ("Performance Letter of Credit"), which required annual renewal.  Nova Hut financed the project with funds loaned to it by the International Finance Corporation (the "IFC").  In exchange for the loan, the IFC was provided a conditional assignment of Nova Hut's rights under the Agreement and the guarantee.

On June 9, 2000, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code.  Kaiser Netherlands failed to renew the Performance Letter of Credit.  As a result, on February 16, 2001, Nova Hut drew $11.1 million on the Performance Letter of Credit.

On April 9, 2001, the Debtor initiated an adversary proceeding against Nova Hut, alleging breach of contract for the draw upon the Performance Letter of Credit.  The adversary complaint was later amended three times.  The last amended complaint (the "Third Amended Complaint") added, as a party plaintiff, Kaiser Engineers, which had also filed a chapter 11

2

petition.   The Debtor seeks from Nova Hut a return of the $11.1
million drawn on the Performance Letter of Credit under breach of
warranty, breach of contract, unjust enrichment and quantum
meruit theories and asserts a $5.25 million claim related to a
fee associated with a Memorandum of Understanding.   Additionally,
Kaiser Engineers alleges that it is owed $510,000 for engineering
and financial services provided to Nova Hut under a Letter of
Intent.

On October 28, 2002, Nova Hut moved to stay the adversary
proceeding and compel arbitration, or alternatively, for
dismissal of the Third Amended Complaint.   The Court denied the
motion in its entirety and Nova Hut appealed.   On March 18, 2004,
the District Court reversed the decision, ordered the adversary
proceeding stayed and compelled arbitration of the claims between
Nova Hut and the Debtor.   Kaiser Group Int'l v. Nova Hut, a.s.
(In re Kaiser Group Int'l), 307 B.R. 449 (D. Del. 2004).

Thereafter, Kaiser Netherlands arbitrated its claims against
Nova Hut before the International Court of Arbitration.   On April
26, 2006, the Arbitration panel entered a Final Award (the
"Arbitration Award"), concluding that Kaiser Netherlands had
failed to build the steel mill in accordance with the performance
requirements of the Agreement.

On December 13, 2006, Nova Hut filed a motion in the
adversary proceeding to lift the automatic stay and for summary

judgment ("Summary Judgment Motion") on res judicata and
collateral estoppel grounds based on the Arbitration Award.  On
January 25, 2007, the Debtor filed a cross-motion for partial
summary judgment and a motion for an oral examination and
production of documents from IFC, Nova Hut and related parties
or, alternatively, an equitable bill of discovery (the "Discovery
Motion").  In its response to Nova Hut's Summary Judgment Motion
and in its Discovery Motion, the Debtor, through its counsel Saul
Ewing LLP ("Saul Ewing"), asserted that Nova Hut and its counsel
Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") may have
improperly influenced the arbitration outcome.  As evidence, the
Debtor stated that Cleary Gottlieb had posted a press release
dated April 26, 2006 (the date the award was signed but three
weeks before the arbitration award was made public) detailing the
favorable outcome of the arbitration.

     At the hearing on the Discovery Motion held on April 25,
2007, the Court denied the motion on the same grounds that the
adversary proceeding had originally been stayed.  Specifically,
the Court ruled that the disputes between the parties were
subject to arbitration and that, therefore, any discovery
relating to those disputes should be conducted in that forum in
accordance with the applicable arbitration rules.

     In the interim, on April 18, 2007, Nova Hut filed a motion
for sanctions against Saul Ewing contending that Saul Ewing

4

failed to conduct a reasonable inquiry into the actual date the press release was posted on the website before filing the Debtor's Discovery Motion.  Briefing on the sanctions motion is complete and the matter is now ripe for decision.


II.  <u>JURISDICTION</u>

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).


III. <u>DISCUSSION</u>

A.   <u>Standard of Review</u>

Rule 9011 of the Federal Rules of Bankruptcy Procedure provides that all representations made to the Court must have evidentiary support or "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Bankr. P. 9011(b)(3).  Rule 9011 tracks the language of Rule 11 of the Federal Rules of Civil Procedure. <u>See, e.g.</u>, <u>Cinema Serv. Corp. v. Edbee Corp.</u>, 774 F.2d 584, 585-86 (3d Cir. 1985) ("The text of [Bankruptcy Rule 9011] tracks Fed. R. Civ. P. 11, with only such modifications as are appropriate in bankruptcy matters.  In providing for sanctions, Rule 9011 discourages in bankruptcy proceedings the same type of conduct which Fed. R. Civ. P. 11 proscribes . . . .").  "Rule 11

. . . is intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith'." Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986) (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986), abrogated on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399 (1990).

The test is an objective one of reasonableness under the circumstances. Topstone Indus., 788 F.2d at 157. The court should consider the reasonableness of the party's belief at the time the motion or pleading was filed and not in hindsight. Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94-95 (3d Cir. 1988) ("[A] proper Rule 11 analysis should focus on the circumstances that existed at the time counsel filed the challenged paper. Imposing a continuing duty on counsel to amend or correct a filing based on after-acquired knowledge is inconsistent with the Rule."). Upon a determination that a party has violated Rule 9011, the court may impose appropriate sanctions. Id.; Fed. R. Bankr. P. 9011(c).

B.   Motion for Sanctions

In its memorandum of law in opposition to Nova Hut's Summary Judgment Motion and in support of the Debtor's Discovery Motion, Saul Ewing, as Debtor's counsel, argues that the Arbitration Award may be tainted for a number of reasons. Saul Ewing relies,

6

among other things, on the fact that Cleary Gottlieb posted a
press release on its website that details the Arbitration Award.
The press release was dated April 26, 2006.  While the
Arbitration Award was signed on April 26, 2006, the parties were
not officially notified of the award until May 16, 2006.  On
October 12, 2006, Saul Ewing sent a letter to the International
Court of Arbitration ("ICC") requesting an investigation into the
matter.  On October 20, 2006, the ICC replied that "we do not
conduct investigations as requested . . . ."

Nova Hut argues that Saul Ewing failed to conduct a
reasonable inquiry into the truth of the allegations before
filing its pleadings.  Prior to the filing of the Debtor's
pleadings, Nova Hut had responded to Saul Ewing's allegations and
contended that Cleary Gottlieb was notified of the Arbitration
Award on May 16, 2006, and the press release was posted on Cleary
Gottlieb's external website on June 30, 2006.  It further asserts
in the present motion that it is Cleary Gottlieb's standard
practice to identify the press release date as the date of the
decision or order rendered by a tribunal in a litigation or
arbitration matter.  Nova Hut contends that Saul Ewing's failure
to make a reasonable inquiry into Cleary Gottlieb's procedures
for posting press releases and its failure to notify the Court of
Nova Hut's explanation is potentially libelous and a Rule 9011
violation.  Accordingly, Nova Hut requests that the allegations

7

be removed from the pleadings, and that monetary sanctions,
including attorneys' fees and costs associated with the instant
motion and other just and proper sanctions, be awarded.

Saul Ewing responds that Rule 9011 does not apply to
discovery motions, that the Discovery Motion was the proper
mechanism for making a reasonable inquiry into the allegations of
impropriety, that the Discovery Motion included no false
statements, and, in the alternative, that striking portions of a
motion is not an available remedy for a violation under Rule
9011.

The Court agrees, in part, with Saul Ewing.  The offensive
language in the memorandum in opposition to Nova Hut's Summary
Judgment Motion states:

> With respect to the tribunal's decision in favor of
> Nova Hut on Nova Hut's counterclaim for liquidated
> damages, Debtors have reason to question the integrity
> of this award, which was issued under suspicious
> circumstances and which contradicted both the vast
> weight of evidence and Nova Hut's prior admissions that
> Kaiser had passed the performance test.  The suspicious
> circumstances surrounding the issuance of the award
> include, for example, the timing of a press release
> relating to the award.  Nova Hut's attorneys, the law
> firm of Cleary Gottlieb Steen & Hamilton ("Cleary
> Gottlieb"), which represented Nova Hut in the Kaiser
> Netherlands arbitration, posted a press release on its
> website dated April 26, 2006 – three weeks before the
> ICC released the award to the parties on May 17, 2006 –
> summarizing the results of the award.  The date of the
> release, coupled with the other matters addressed more
> fully in the Debtor's Discovery Motion and in section C
> below, call into question the integrity of the award.

(Kaiser's Memorandum in Opposition to Nova Hut's Summary Judgment

Motion at 6, 12-17 (emphasis in original).)  (See also Discovery
Motion at 2-3, 19-22 (repeating the same argument).)

Contrary to Saul Ewing's argument, Rule 9011 does apply to a
memorandum in opposition to a summary judgment motion and to a
discovery motion under Rule 2004 of the Federal Rules of
Bankruptcy Procedure, Rule 56(f) of the Federal Rules of Civil
Procedure and the Court's equitable powers.  Fed. R. Bankr. P.
9011(b) (Rule 9011(b) applies to "a petition, pleading, written
motion, or other paper" presented to the court).

While Rule 9011 does "not apply to disclosures and discovery
requests, responses, objections, and motions that are subject to
the provisions of Rules 7026 through 7037," that is not the case
here.  Fed. R. Bankr. P. 9011(d).  Rules 7026 through 7037 regard
general provisions governing discovery, deposition procedures in
adversary proceedings, stipulations regarding discovery
procedures, interrogatories, production of documents and things,
physical and mental examinations of persons, requests for
admissions, and sanctions for failure to make discovery.  These
Rules do not apply to the Discovery Motion which was filed by
Saul Ewing pursuant to Rules 2004 and 7056(f).

The Court agrees with Saul Ewing, however, that there were
no false statements in the Discovery Motion.  Saul Ewing stated
the facts as it observed them.  Cleary Gottlieb's website
displayed a press release date of April 26, 2006, which was three

weeks before the Arbitration Award was made public.  Saul Ewing

sought formal discovery concerning this observed circumstance.

<u>See, e.g.</u>, Fed. R. Civ. P. 9011(b) (providing that in papers

presented to the court "the allegations and other <u>factual</u>

<u>contentions have evidentiary support or</u>, if specifically so

identified, <u>are likely to have evidentiary support after a</u>

<u>reasonable opportunity for further investigation or discovery</u>.")

(emphasis added)).

Accordingly, the Court concludes that no violation under

Rule 9011 has occurred.


IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that Saul

Ewing's conduct did not constitute a violation of Rule 9011.

Consequently, the Court will deny Nova Hut's request for

sanctions under Rule 9011.

An appropriate Order is attached.


                                    BY THE COURT:


Dated: July 9, 2007

                                    Mary F. Walrath
                                    United States Bankruptcy Judge