## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| KAISER GROUP INTERNATIONAL, | ) | |
| INC., et al., | ) | Case No. 00-2263 (MFW) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | (Jointly Administered) |
| | ) | |
| KAISER GROUP INTERNATIONAL, | ) | |
| INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NOVA HUT a.s. and | ) | |
| INTERNATIONAL FINANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### OPINION[1]

Before the Court are (1) the Motion of Mittal Steel Ostrava, a.s., formerly Nova Hut, a.s. ("Nova Hut") to lift the automatic stay and for summary judgment against plaintiffs Kaiser Group International, Inc. ("Kaiser International") and Kaiser Engineers, Inc. ("Kaiser Engineers"), (collectively, the "Debtors") and (2) the cross-motion of the Debtors for summary judgment against Nova Hut in the above captioned adversary proceeding. For the reasons discussed below, the Court will deny both motions.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.   BACKGROUND

In 1997, Nova Hut, and ICF Kaiser Netherlands B.V. ("Kaiser Netherlands"), a non-debtor wholly-owned subsidiary of Kaiser International entered into an agreement (the "Agreement") whereby Kaiser Netherlands agreed to design and construct phase I of a steel mill at Nova Hut's facility in Ostrava, Czech Republic. Under the Agreement, the steel mill constructed by Kaiser Netherlands was required to pass a mandatory quality and quantity standards performance test.  Kaiser International guaranteed Kaiser Netherlands' performance under the Agreement and pledged its assets as collateral for a letter of credit (the "Performance Letter of Credit"), which required annual renewal.  Nova Hut financed the project with funds loaned to it by the International Finance Corporation ("IFC").  In exchange for the loan, IFC was provided a conditional assignment of Nova Hut's rights under the Agreement and the guarantee.

On June 9, 2000, the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code.  Kaiser Netherlands failed to renew the Performance Letter of Credit.  As a result, on February 16, 2001, Nova Hut drew $11.1 million on the Performance Letter of Credit.

On April 9, 2001, Kaiser International initiated an adversary proceeding against Nova Hut, alleging breach of contract for the draw upon the Performance Letter of Credit.  The

2

adversary complaint was later amended three times.  The last
amended complaint (the "Third Amended Complaint") added Kaiser
Engineers as a party plaintiff.  The Debtors seek from Nova Hut a
return of the $11.1 million drawn on the Performance Letter of
Credit under breach of warranty, breach of contract, unjust
enrichment and <u>quantum meruit</u> theories.  (Third Amended Complaint
at Counts I, II, V & VIII.)  Kaiser Engineers also alleges (on
breach of contract, unjust enrichment and <u>quantum meruit</u> grounds)
that it is owed $510,000 for engineering and financial services
provided to Nova Hut under a Letter of Intent.  (<u>Id.</u> at Counts
III, VI & IX.)  Additionally, the Debtors assert breach of
contract and unjust enrichment claims for return of $5.25 million
for a contingency fee and warranty reserve associated with a
Memorandum of Understanding.  (<u>Id.</u> at Counts IV, VII & X.)

On October 28, 2002, Nova Hut moved to stay the adversary
proceeding and compel arbitration, or alternatively, for
dismissal of the Third Amended Complaint.  The Court denied the
motion in its entirety and Nova Hut appealed.  On March 18, 2004,
the District Court reversed that decision, ordered the adversary
proceeding stayed, and directed arbitration of the claims between
Nova Hut and the Debtors.  <u>Kaiser Group Int'l v. Nova Hut, a.s.</u>
<u>(In re Kaiser Group Int'l)</u>, 307 B.R. 449 (D. Del. 2004).

In the interim, on January 2, 2004, Kaiser Netherlands filed
a Request for Arbitration with the International Chamber of

Commerce, International Court of Arbitration (the "Arbitration Tribunal").  On November 10, 2004, Kaiser Netherlands filed its Statement of Claim in the Arbitration Tribunal asserting claims against Nova Hut of $11.1 million for its wrongful draw on the Letter of Credit, $510,000 for deferred project development costs relating to the Letter of Intent, and $5.25 million for the warranty reserve relating to the Memorandum of Understanding. Nova Hut asserted counterclaims against Kaiser Netherlands in the Arbitration Tribunal.

On April 26, 2006, the Arbitration Tribunal entered an award (the "Arbitration Award") concluding that Kaiser Netherlands had failed to build the steel mill in accordance with the performance requirements of the Agreement and that, therefore, Nova Hut was entitled to draw on the Letter of Credit.  The Arbitration Tribunal granted Kaiser Netherlands' claims for $510,000 plus interest in deferred project development costs and $3.5 million for its contingency fee and warranty reserve claim.

On December 13, 2006, Nova Hut filed a motion in the adversary proceeding to lift the automatic stay and grant summary judgment on res judicata and collateral estoppel grounds based on the Arbitration Award.  On January 25, 2007, the Debtors filed a cross-motion for partial summary judgment.  The Debtors also filed a motion for an oral examination and production of documents from IFC, Nova Hut and related parties or,

4

alternatively, an equitable bill of discovery (the "Discovery Motion"). In its response to Nova Hut's Summary Judgment Motion and in its Discovery Motion, the Debtors asserted that Nova Hut and its counsel may have improperly influenced the Arbitration Tribunal.

At a hearing on April 25, 2007, the Court denied the Discovery Motion on the same grounds that the adversary proceeding had originally been stayed. Specifically, the Court ruled that the disputes between the parties were subject to arbitration and that, therefore, any discovery relating to those disputes should be conducted in that forum in accordance with the applicable arbitration rules.

In the interim, on April 18, 2007, Nova Hut filed a motion for sanctions against Debtors' counsel for their allegation that Nova Hut improperly influenced the outcome of the arbitration. The Court denied the sanctions motion on July 9, 2007. In re Kaiser Group Int'l., Inc., No. 01-928, 2007 WL 2026407, at *5 (Bankr. D. Del. July 9, 2007).

Briefing on the summary judgment motions is complete, and the matters are now ripe for decision.

II. JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28

U.S.C. § 157(b)(2)(A), (B) & (O).

III.  <u>DISCUSSION</u>

    A.  <u>Standard of Review</u>

    Summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of establishing that no genuine issue of material fact exists.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585 n.10 (1986).  Facts that may alter a suit's outcome are "material."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Horowitz v. Fed. Kemper Life Assurance Co.</u>, 57 F.3d. 300, 302 n.1 (3d Cir. 1995).  The Court views all facts and draws all reasonable inferences "in the light most favorable" to the non-moving party.  <u>Pa. Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 236 (3d Cir. 1995).  "[T]he nonmoving party must come forward with 'specific facts showing that there is a <u>genuine issue for trial</u>'."  <u>Matsushita</u>, 475 U.S. at 587 (emphasis in original).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'."  <u>Id.</u>

B.   <u>Nova Hut's Motion</u>

As a result of the Arbitration Award, Nova Hut asks this
Court to lift the stay of the adversary proceeding in order to
grant summary judgment in Nova Hut's favor on grounds of res
judicata (claim preclusion) and collateral estoppel (issue
preclusion).  <u>See, e.g.</u>, <u>Montana v. United States</u>, 440 U.S. 147,
153-154 (1979) ("To preclude parties from contesting matters that
they have had a full and fair opportunity to litigate protects
their adversaries from the expense and vexation attending
multiple lawsuits, conserves judicial resources, and fosters
reliance on judicial action by minimizing the possibility of
inconsistent decisions."); <u>Parklane Hosiery Co., Inc. v. Shore</u>,
439 U.S. 322, 326 (1979) ("Collateral estoppel, like the related
doctrine of res judicata, has the dual purpose of protecting
litigants from the burden of relitigating an identical issue with
the same party or his privy and of promoting judicial economy by
preventing needless litigation."); <u>In re Mariner Post-Acute
Network, Inc.</u>, 267 B.R. 46, 52 (Bankr. D. Del. 2001) ("Res
judicata (or claim preclusion) is a judicial doctrine which
precludes a party from relitigating claims that were or could
have been asserted in an earlier action.").

1.   <u>Res Judicata</u>

Nova Hut argues that the claims against it in the adversary
proceeding are barred under the doctrine of res judicata because

7

the same claims were determined by the Arbitration Tribunal.
See, e.g., IFC Interconsult, AG v. Safeguard Int'l Partners,
LLC., 438 F.3d 298, 320 (3d Cir. 2006) (concluding that
litigation of a defense raised in arbitration, but rejected by
the arbitrators, would be precluded under res judicata if the
arbitration ruling was confirmed by the district court and
privity existed). See also Pike v. Freeman, 266 F.3d 78, 90 (2d
Cir. 2001) ("It is well settled that this doctrine serves to bar
certain claims in federal court based on the binding effect of
past determinations in arbitral proceedings."). "Federal law of
claim preclusion requires a defendant to demonstrate that there
has been (1) a final judgment on the merits in a prior suit
involving (2) the same parties or their privies and (3) a
subsequent suit based on the same cause of action." Lubrizol
Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).

a.   Final Judgment on the Merits

Nova Hut contends that the Arbitration Award was a final
judgment on the merits.  The Arbitration Award, citing Article 11
of the Phase 1 agreement between Nova Hut and Kaiser Netherlands,
concluded that "[t]he award rendered by the arbitrators shall be
final, and judgment may be entered upon it in accordance with
applicable law in any court having jurisdiction." (Arbitration
Award at 14.)  Nova Hut further asserts that the United States
and Austria are both signatories to the Convention on the

8

Recognition and Enforcement of Foreign Arbitral Awards, which requires them to recognize and enforce arbitral awards of other signatory nations.  9 U.S.C. § 201, et seq.

The Debtors do not dispute the finality of the judgment of the Arbitration Tribunal.  Accordingly, the Court concludes that the Arbitration Award is final for purposes of res judicata.

b.   Same Parties or Privies

Nova Hut admits that the Debtors were not parties in the Arbitration Tribunal.  However, Nova Hut argues that the Debtors were in privity with and acted as a virtual representative of Kaiser Netherlands in the Arbitration Tribunal.  See, e.g., E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990) (stating that privity exists where the "relationship between one who is a party on the record and another is close enough to include that other within the res judicata.  One relationship long held to fall within the concept of privity is that between a nonparty and party who acts as the nonparty's representative." (internal citations and quotations omitted)).  Nova Hut asserts that the following facts establish that the Debtors were in privity with Kaiser Netherlands before the Arbitration Tribunal: (1) as Kaiser International's wholly-owned subsidiary, Kaiser Netherland's sole purpose for arbitrating its claims was to represent the interests of the Debtors and ultimately obtain money for the Debtors' express benefit, (2) Kaiser

9

International's Senior Vice President, Secretary and Treasurer,
and other employees of the Debtors represented the Debtors in the
instant adversary proceeding and represented Kaiser Netherlands
in the Arbitration Tribunal; and (3) Debtors' counsel in the
instant adversary proceeding served as Kaiser Netherlands'
counsel in the Arbitration Tribunal.

The Debtors respond that Nova Hut's factual assertions
standing alone are insufficient to establish privity.  See, e.g.,
Collins v. E.I. DuPont de Nemours & Co., 34 F.3d 172, 178 (3d
Cir. 1994) (concluding that absent a finding of an exercise of
control or virtual representation "the fact that plaintiffs in
the second suit were represented by the same attorney as
plaintiffs in the first suit and that one of the plaintiffs had
testified in the first suit was not enough to establish
privity."); Benson and Ford, Inc. v. Wanda Petroleum Co., 833
F.2d 1172, 1174 (5th Cir. 1987) ("[I]t is not enough the nonparty
supplied an attorney or is represented by the same law firm;
helped to finance the litigation; . . . testified as a witness .
. . .  It is essential that the nonparty have actual control.");
Johnson & Johnson v. Coopervision, Inc., 720 F. Supp. 1116, 1123
(D. Del. 1989) (concluding that the fact that the party in the
prior proceeding was the wholly-owned subsidiary of the non-party
parent, absent other facts showing control, was insufficient to
establish privity); Foster v. Berwind Corp., Civ. A. No. 90-0857,

10

1991 WL 83090, at *3 (E.D. Pa. May 14, 1991) (stating that the test for privity is not whether a non-party had an interest in the litigation but rather whether the non-party controlled the litigation).

Further, the Debtors contend that the facts establish that the Debtors are not in privity with Kaiser Netherlands.  The Debtors and Kaiser Netherlands have separate directors, officers, books and records, and financial reporting.  They were incorporated in different countries and are subject to different tax liabilities and audit requirements.  They have different creditors.  Finally, Kaiser Netherlands is not a debtor and was never a party to the adversary proceeding.

The factual record before the Court is not sufficient for the Court to determine this issue as there is a genuine dispute regarding a material issue of fact.  Whether privity exists in a case that involves a parent (non-party) and wholly-owned subsidiary (party) is a factual inquiry requiring evidence of whether the "'[the parent] controlled the earlier lawsuit and its interests were represented' by the subsidiary in that earlier action." Johnson & Johnson, 720 F. Supp. at 1123-24 (quoting Astron Indus. Assocs., Inc. v. Chrysler Motors Corp., 405 F.2d 958, 961 (5th Cir. 1968)).  Such a determination cannot be made on the record before the Court.

Accordingly, the Court concludes that there is a genuine issue regarding whether the Debtors and Kaiser Netherlands were in privity in the Arbitration Tribunal.  Therefore, summary judgment is not appropriate at this stage.

### c.   Suit Based on Same Cause of Action

Nova Hut argues that the adversary proceeding and the Arbitration are based on the same cause of action.  The Debtors do not dispute this contention.

The Court agrees.  In deciding whether two suits are based on the same cause of action, the Court must determine "whether there is an essential similarity of the underlying events giving rise to the various legal claims."  CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (internal quotations and citation omitted).  The Letter of Credit, Letter of Intent, and Memorandum of Understanding claims in this adversary proceeding are based on the same events as the claims decided in the Arbitration Tribunal.

### i.   Letter of Credit Claims

In Counts I, II, V, and VIII of the Third Amended Complaint, the Debtors seek a return of the $11.1 million drawn on the Performance Letter of Credit that Kaiser International collateralized under breach of warranty, breach of contract, unjust enrichment, and quantum meruit theories.  (Third Amended Complaint, ¶¶ 46-59, 69-73, 84-88.)  The issues relevant to a

12

determination of these claims are

    (1)   whether Nova Hut rightfully drew on the Letter of
           Credit;

    (2)   whether Kaiser International or Kaiser Netherlands
           was required to provide notice of extension of the
           Letter of Credit prior to thirty days before its
           expiration;

    (3)   whether Kaiser Netherlands failed the production
           performance test that was a condition precedent to
           final acceptance of the mill which would permit
           Nova Hut's draw on the Letter of Credit.

The Arbitration Tribunal answered each of those questions in the affirmative. (Arbitration Award at pp. 52-121, 129-37.) As a result, the Court concludes that the claims raised in the adversary proceeding concerning the Letter of Credit are virtually identical to, and based on the same underlying events, as the issues decided by the Arbitration Tribunal.

### ii.  Letter of Intent

In Counts III, VI, and IX of the Third Amended Complaint, Kaiser Engineers alleges (on breach of contract, unjust enrichment, and quantum meruit grounds) that it is owed $510,000 for engineering and financial services provided to Nova Hut under a Letter of Intent. (Third Amended Complaint at ¶¶ 60-63, 74-78, 89-93.) The Arbitration Tribunal addressed and decided Kaiser

13

Netherland's $510,000 claim for deferred project development costs.  The Arbitration Tribunal found that Nova Hut and Kaiser Engineers entered into a Letter of Intent and Purchase Order whereby Kaiser Engineers agreed to provide certain advisory and engineering services and "Kaiser [Netherlands] could claim payment of amounts owed to Kaiser Engineers."  (Arbitration Award at pp. 140-47.)  The Arbitration Tribunal awarded Kaiser Netherlands $510,000 plus interest on this claim.  Given the similarity of the claim decided by the Arbitration Tribunal and Counts III, VI, and IX of the Third Amended Complaint, the Court concludes that these claims are the same.

### iii. Memorandum of Understanding

In Counts IV, VII, and X of the Complaint, the Debtors seek from Nova Hut a return of a $5.25 million contingency fee and warranty reserve associated with a Memorandum of Understanding on breach of contract and unjust enrichment theories.  (Third Amended Complaint at ¶¶ 64-68, 79-83, 94-98.)  Before the Arbitration Tribunal, Kaiser Netherlands asserted a $5.25 million "claim for the warranty reserve and contingency fee" related to the same Memorandum of Understanding.  (Arbitration Award at p. 147.)  The Arbitration Tribunal awarded Kaiser Netherlands $3.5 million plus interest on this claim.  (Arbitration Award at pp. 147-53, 319.)  Counts IV, VII, and X of the Complaint and the claim decided by the Arbitration Tribunal are the same.

14

Accordingly, the Court concludes that Counts I, II, III, IV,
V, VI, VII, VIII, IX, and X are the same as claims decided by the
Arbitration Tribunal.  See, e.g., Williamson v. Columbia Gas &
Elec. Corp., 186 F.2d 464, 470 (3d Cir. 1951) (finding same cause
of action when most of the same facts are alleged and the "only
thing that is different is the theory of recovery [and] [t]he
same witnesses and documents will be necessary in the trial in
both cases.").  Therefore, those causes of action are the same
for purposes of res judicata.

Because there are genuine issues of material fact on the
question of privity, however, the Court cannot grant summary
judgment under the doctrine of res judicata.

        2.   Collateral Estoppel

Nova Hut also seeks to prevent re-litigation of the specific
claims decided by the Arbitration Tribunal involving the Letter
of Credit, Letter of Intent, and Memorandum of Understanding,
under the doctrine of collateral estoppel.

A court will bar re-litigation of an issue on collateral
estoppel grounds when "(1) the identical issue was previously
adjudicated; (2) the issue was actually litigated; (3) the
previous determination was necessary to the decision; and (4) the
party being precluded from relitigating the issue was fully
represented in the prior action." Raytech Corp. v. White, 54
F.3d 187, 190 (3d Cir. 1995).  The Third Circuit has also

considered whether the party being precluded from litigating an issue had a full and fair opportunity to litigate in the prior action and whether there was a final and valid judgment. <u>Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.</u>, 458 F.3d 244, 249 (3d Cir. 2006).

### a.   Prior Adjudication of Same Issue

As discussed above, the Arbitration Tribunal was required to address the same issues and underlying facts as this Court would in the adversary proceeding in order to render a decision on the Letter of Credit, Letter of Intent, and Memorandum of Understanding claims. (Arbitration Award at pp. 52-121, 129-37, 140-47, 147-53, 319.)   The Debtors do not dispute this. Accordingly, the Court concludes that this element of collateral estoppel is satisfied.

### b.   Actual Litigation of Issue

The claims were actually litigated before the Arbitration Tribunal. (Arbitration Award at pp. 52-121, 129-37, 140-47, 147-53, 319.)  The Debtors do not dispute this point.  Accordingly, the Court concludes that this element of collateral estoppel is satisfied.

### c.   Necessity of Previous Issue Determination

Similarly, there is no dispute that the relevant issues were necessary to the Arbitration Tribunal's determination of the claims before it.  Accordingly, the Court concludes that this

element is satisfied.

### d.    Full Representation in Prior Action

The Debtors argue, however, that they were not represented
in the Arbitration Tribunal and, consequently, collateral
estoppel is not applicable.  As the Court concluded above, the
extent to which Kaiser Netherlands represented the interests of
the Debtors is subject to genuine dispute.  Accordingly, the
Court cannot determine whether the Debtors were fully represented
in the Arbitration Tribunal.

### e.    Full and Fair Opportunity to Litigate

The Debtors contend that they did not have a full and fair
opportunity to litigate the relevant issues in the Arbitration
Tribunal because of questions regarding the integrity and
fairness of the Arbitration Award.  The Debtors' assertions are
based on (1) the alleged posting by Nova Hut's counsel of a press
release about the results of the Arbitration prior to the
issuance of the Arbitration Award, (2) the delay in issuance of
the Arbitration Award, (3) the Arbitration Tribunal's
determination that Kaiser Netherlands had failed the performance
test despite admissions by Nova Hut that Kaiser Netherlands
passed the performance test, and (4) the wrongful influence on
the Arbitration Tribunal by IFC (which had a security interest in
Nova Hut's stock).

The Arbitration Tribunal addressed Kaiser Netherlands' assertions that Nova Hut admitted it passed the performance test and specifically found "that Nova Hut did not acknowledge the passing of the [performance test.]"  (Arbitration Award at p. 113-117.)  Moreover, the Court previously concluded that discovery and issues related to the integrity of the Arbitration Award must be brought in the Arbitration Tribunal in accordance with its rules and that the bankruptcy court is not the proper forum for attacking the integrity of the Arbitration Award.

        3.  <u>Prematurity of Motion Due to Lack of Discovery</u>

The Debtors argue that summary judgment is premature because of the questions about the integrity of the Arbitration Award and because they have not had an opportunity to take discovery in the adversary proceeding.  As discussed above, the adversary proceeding has been stayed and the Debtors were directed to arbitrate all their claims against Nova Hut.  Three years later, the Debtors still have not commenced an arbitration proceeding.  Therefore, any lack of discovery on these claims is attributable to the Debtors' lack of action.

    C.  <u>Kaiser's Cross-Motion</u>

        1.  <u>Offensive Use of Collateral Estoppel</u>

The Debtors argue that, while they are not bound by the Arbitration Tribunal's decision in favor of Nova Hut on the claim for return of the $11.1 million drawn on the Letter of Credit,

Nova Hut is estopped from denying liability on the claims for deferred engineering costs and warranty reserve.  Therefore, the Debtors contend that they are entitled to summary judgment on those claims.  See, e.g., Parklane Hosiery, 439 U.S. at 326 n.4 ("[O]ffensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party.").

Nova Hut does not dispute that collateral estoppel applies.[2] Nova Hut argues, however, that the Arbitration Award was in favor of Kaiser Netherlands and not the Debtors.  Further, Nova Hut asserts that the Arbitration Award mandates that Nova Hut setoff any amounts it owes to Kaiser Netherlands against sums that Kaiser Netherlands owes it.  It contends that Kaiser Netherlands and the Debtors are entitled to only one recovery on these claims and that allowing the Debtors to recover on the claims while Kaiser Netherlands' claims are setoff would result in a double recovery.

---

[2]  Despite Nova Hut's concession, the Court questions whether the Debtors would be entitled to offensive use of collateral estoppel.  See, e.g., Parklane Hosiery, 439 U.S. at 331 ("The general rule should be that in cases where a plaintiff could easily have joined in the earlier action . . ., a trial judge should not allow the use of offensive collateral estoppel.").  Although the adversary proceeding was stayed while the parties arbitrated their claims, there is no evidence that the Debtors ever petitioned the Arbitration Tribunal to join in the Arbitration or commenced their own arbitration action against Nova Hut and/or IFC.

The Debtors respond that Nova Hut cannot offset any amounts
it owes to the Debtors based on the Arbitration Award because (1)
the claim for offset is premature because the Arbitration Award
has not been confirmed; (2) Nova Hut has no claims against the
Debtors in this adversary proceeding; (3) setoff is barred by the
language of the Plan (sections 5.04 and 13.01), Confirmation
Order (paragraph M), and section 1141(c) of the Bankruptcy Code;
and (4) Nova Hut's claims in the Arbitration Tribunal were
asserted against Kaiser Netherlands, thus offset must be against
Kaiser Netherlands pursuant to section 553 of the Bankruptcy
Code.

Nova Hut responds that it is not asserting a claim for
setoff but is using setoff as a defense against the Debtors to
prevent dual recovery and it reserves its rights to assert
recoupment as a right of reduction.  See, e.g., Lee v. Schweiker,
739 F.2d 870, 875 (3d Cir. 1984) ("[W]here the creditor's claim
against the debtor arises from the same transaction as the
debtor's claim, [recoupment] is essentially a defense to the
debtor's claim against the creditor rather than a mutual
obligation, and application of the limitations on setoff in
bankruptcy would be inequitable.").

The Court concludes that Nova Hut is correct.  The Debtors
cannot seek to enforce part of the Arbitration Award and ignore
the rest.  The Arbitration Tribunal found that claims were owing

to and by Kaiser Netherlands.  The Debtors can enforce that decision only if the Court concludes that the Debtors were in privity with Kaiser Netherlands.  As noted above, the Debtors dispute this and the Court cannot determine at this stage if privity existed.  Therefore, the Court cannot conclude at the summary judgment stage that any of the claims are owed to the Debtors.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that there are genuine issues of material fact left to be decided. Consequently, the Court will deny Nova Hut's summary judgment motion and the Debtors' cross-motion for summary judgment.

An appropriate Order is attached.


Dated:  September 7, 2007          BY THE COURT:

                                   Mary F. Walrath
                                   United States Bankruptcy Judge