**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| KAISER GROUP INTERNATIONAL, INC., et al., | ) ) | Case No. 00-2263 (MFW) |
| | ) | |
| Debtors. | ) | |
| _____ | ) ) | (Jointly Administered) |
| KAISER GROUP INTERNATIONAL, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Adv. No. 01-928 (MFW) |
| NOVA HUT a.s. and INTERNATIONAL FINANCE CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**<u>OPINION</u>**[1]

Before the Court is the Debtors' Motion under Rule 60(b)(6) for relief from an Order of the District Court which stayed this adversary and granted Nova Hut's motion to compel arbitration. The Motion is opposed by Nova Hut's successor, Arcelormittal Ostrava (referred to herein as "Nova Hut"). For the reasons discussed below, the Court will deny the Motion and grant Nova Hut's request for attorneys' fees and costs.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is made applicable to contested matters by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

I.  BACKGROUND

The Debtors' Motion is the latest (and hopefully the last) volley in a contest which has lasted more than a decade between the Debtors, their affiliates, and the Defendants relating to the construction of a steel mill in the Czech Republic.

In 1997, Nova Hut and ICF Kaiser Netherlands B.V. ("Kaiser Netherlands"), a non-debtor wholly-owned subsidiary of Kaiser Group International, Inc. ("Kaiser International"), entered into an agreement (the "Agreement") whereby Kaiser Netherlands agreed to design and construct phase I of a steel mill at Nova Hut's facility in Ostrava, Czech Republic.  Under the Agreement, the steel mill constructed by Kaiser Netherlands was required to pass a mandatory quality and quantity standards performance test. Kaiser International guaranteed Kaiser Netherlands' performance under the Agreement and pledged its assets as collateral for a letter of credit (the "Performance Letter of Credit"), which required annual renewal.  Nova Hut financed the project with funds loaned to it by the International Finance Corporation ("IFC").  In exchange for the loan, IFC was provided a conditional assignment of Nova Hut's rights under the Agreement and the guarantee.

On June 9, 2000, Kaiser International and several of its affiliates (the "Debtors"), but not Kaiser Netherlands, filed petitions for relief under chapter 11 of the Bankruptcy Code.  In

late 2000 the steel plant was subjected to a production performance test. Nova Hut asserted that it failed; Kaiser Netherlands asserted that it passed. Subsequently, Kaiser Netherlands refused to renew the Performance Letter of Credit, and on February 16, 2001, Nova Hut drew $11.1 million on the Performance Letter of Credit.

On April 9, 2001, the Debtors commenced the instant adversary proceeding by filing a complaint against Nova Hut and IFC (collectively, the "Defendants"), alleging breach of contract and seeking, inter alia, a return of the $11.1 million drawn on the Performance Letter of Credit. The Debtors also alleged claims for engineering and financial services provided to Nova Hut ($510,000) and for return of a contingency fee and warranty reserve ($5.25 million).

Early in the proceeding, on May 16 and July 6, 2001, the Defendants moved to stay the adversary proceeding and compel arbitration, or alternatively, to dismiss the Complaint.[2] (D.I. ## 8, 11, 32, & 37.) The Court denied the motions. (D.I. # 145.) The Defendants filed motions for reconsideration, as well as renewed motions to stay and compel arbitration. (D.I. ## 147, 148, 154 & 155.) On January 6, 2003, the Court denied the motions for reconsideration, and the Defendants appealed. (D.I.

---

[2] In response to the Debtors' motion for a temporary restraining order, the Defendants also asked that the matter be sent to arbitration. (D.I. ## 94 & 99.)

## 214, 217 & 218.)  On March 18, 2004, the District Court reversed, stayed the adversary proceeding, and granted Nova Hut's request to compel arbitration.  <u>Kaiser Group Int'l v. Nova Hut, a.s. (In re Kaiser Group Int'l)</u>, 307 B.R. 449 (D. Del. 2004).  On June 29, 2005, this Court ordered arbitration of the Debtors' claims against IFC as well.  (D.I. # 268.)

In the interim, on January 2, 2004, Kaiser Netherlands filed a Request for Arbitration with the International Chamber of Commerce, International Court of Arbitration (the "Arbitral Tribunal").  In that arbitration, Kaiser Netherlands asserted claims against Nova Hut for the wrongful draw on the Letter of Credit ($11.1 million), the project development costs ($510,000), and the fee and warranty reserve ($5.25 million).  Nova Hut asserted counterclaims against Kaiser Netherlands for breach of the Agreement.

On April 26, 2006, the Arbitral Tribunal issued a 333 page decision and final award (the "Arbitration Award") concluding that Kaiser Netherlands had failed to build the steel mill in accordance with the performance requirements of the Agreement and that, therefore, Nova Hut was entitled to draw on the Letter of Credit.  The Arbitral Tribunal granted Kaiser Netherlands' claims for $510,000 in project development costs and $3.5 million for the contingency fee and warranty reserve.

4

On December 13, 2006, Nova Hut filed a motion in the instant adversary proceeding to lift the automatic stay and grant summary judgment in its favor on res judicata and collateral estoppel grounds based on the Arbitration Award. (D.I. # 274.) On January 25, 2007, the Debtors filed a cross-motion for partial summary judgment. (D.I. # 279.) By Opinion and Order dated September 7, 2007, the Court denied the cross-motions for summary judgment, finding that there was a disputed issue of material fact, namely whether the Debtors were in privity with Kaiser Netherlands. <u>Kaiser Group, Int'l v. Nova Hut a.s. (In re Kaiser Group Int'l)</u>, 375 B.R. 120, 128 (Bankr. D. Del. 2007).

In connection with the summary judgment motions, the Debtors also filed a motion for an oral examination and production of documents from IFC, Nova Hut and related parties or, alternatively, an equitable bill of discovery (the "Discovery Motion"). (D.I. # 283.) In its Discovery Motion, the Debtors asserted that Nova Hut and its counsel may have improperly influenced the Arbitral Tribunal. (<u>Id.</u> at 21-23.) At the hearing held on April 25, 2007, the Court ruled that the disputes between the parties were subject to arbitration and that, therefore, any discovery relating to those disputes should be conducted in the Arbitral Tribunal in accordance with the applicable arbitration rules. (D.I. # 334 at 38.) As a result the Court denied the Discovery Motion. (D.I. # 328.) The

Debtors filed a motion for an interlocutory appeal, which was denied by the District Court on January 29, 2009. Kaiser Group, Int'l v. Mittal Steel Ostrava, a.s., as agent of Nova Hut a.s. (In re Kaiser Group Int'l), 400 B.R. 140 (D. Del. 2009). On March 22, 2010, the Third Circuit dismissed the appeal of the District Court Order because it was not a final order. (D.I. # 360.)

In the interim, on April 18, 2007, Nova Hut filed a motion for sanctions against Debtors' counsel for wrongfully alleging that Nova Hut improperly influenced the outcome of the arbitration. The Court denied the sanctions motion on July 9, 2007, finding that rather than assert that the actions of Nova Hut were improper, the Debtors merely asked for discovery regarding observed inconsistencies between the date of a press release announcing the Arbitration Award and the Arbitration Award itself. In re Kaiser Group Int'l., Inc., No. 01-928, 2007 WL 2026407, at *5 (Bankr. D. Del. July 9, 2007).

On September 29, 2010, the Debtors filed the pending Motion which seeks relief under Rule 60(b)(6) from the District Court's March 18, 2004, Order which stayed the adversary and compelled arbitration of their dispute with Nova Hut. Nova Hut opposed the Motion and asked for costs and attorneys' fees incurred in responding to the Debtors' Motion under 28 U.S.C. § 1927. The matter has been fully briefed and is ripe for decision.

II.  JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O).

III. DISCUSSION

   A.  Rule 60(b)(6) Motion

      1.  Power to grant relief from District Court Order

In anticipation of the question whether this Court has the power to grant relief from the order of its appellate court, the Debtors cite authority to the effect that the trial court not only has the power to grant relief from an appellate order, but indeed "is in a much better position to pass upon the issues presented in a motion under Rule 60(b)."  Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 18 (1976).

In Standard Oil, the Supreme Court held that a party did not have to obtain leave of the appellate court in order to file a motion under Rule 60(b) to have the trial court vacate its judgment (which had been affirmed on appeal).  Id. at 17.  The Court's decision was based on the fact that Rule 60(b) motions are premised on events that occur after the record (on which the appellate court relies) is closed and, therefore, found it does not flout the mandate of the appellate court.  Id. at 18.  See also LSLJ P'ship v. Frito-Lay, Inc., 920 F.2d 476, 479 (7th Cir.

1990) (holding that "trial court erroneously ruled that resolution of the appeal divested it of jurisdiction to entertain a Rule 60(b) motion" based on change of law since the appellate decision); <u>Sellers v. Gen. Motors Corp.</u>, 735 F.2d 68, 69 (3d Cir. 1984) (concluding that appellate court's affirmance on the record before it did not limit power of district court to consider Rule 60(b) relief).

Nova Hut does not dispute the Court's power to hear the motion. Therefore, the Court concludes that it has jurisdiction to address the merits of the Debtors' Rule 60(b)(6) motion.

### 2. <u>Merits of Rule 60(b)(6) motion</u>

The Debtors seek relief under Rule 60(b)(6) which permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[3] <u>See also</u> <u>In re Durkalec</u>, 21 B.R. 618, 620 (Bankr. E.D. Pa. 1982) (finding that "Rule 60(b)(6) is a reservoir of equitable power to do justice in particular cases where relief is warranted.").

#### a. <u>Repudiation of arbitration process</u>

##### i. <u>Asserting no arbitration jurisdiction</u>

The basis for the Debtors' Rule 60(b)(6) motion is that after obtaining the Order from the District Court compelling

---

[3] Rule 60 is made applicable to bankruptcy cases, with some exceptions not relevant here, by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

arbitration, Nova Hut has changed its position and repudiated the arbitration process.  The Debtors contend that Nova Hut has done so by now arguing that the Arbitral Tribunal does not have jurisdiction over the arbitrations initiated by the Debtors against Nova Hut and IFC, respectively.  In addition, the Debtors state that Nova Hut has argued to the Arbitral Tribunal that the Debtors are not entitled to assert rights under the arbitration clause because they are not signatories to the Agreement which contained that clause.  The Debtors base their argument on a letter sent by Nova Hut to the Arbitral Tribunal dated August 31, 2010.  (See D.I. # 362 at Ex. A.)

Nova Hut contends that the Debtors have misstated its position, principally by misquoting the letter and eliminating the portion where it expressly states that it is not contesting the jurisdiction of the Arbitral Tribunal.  (D.I. # 363 at 2 & n. 4.)  This, Nova Hut contends, is not an "honest" misunderstanding but a clear misrepresentation to the Court.

The Court agrees with Nova Hut.  In their Memorandum of Law, the Debtors have erroneously contended that Nova Hut "has made clear to the ICC that, while it has not yet so asserted, the ICC lacks jurisdiction over the arbitration initiated by Debtors." (Id.)  Contrary to the Debtors' assertion, Nova Hut, in fact, stated in the letter to the Arbitral Tribunal that Nova Hut "does not have the intention to object to the jurisdiction of the

Arbitral Tribunal." (Id. at Ex. A p.3.)  Further, that letter references the Answer filed by Nova Hut which stated that "while neither [Debtor] is a party to the Agreement nor to the arbitration provision contained therein, [Nova Hut] will not object (as it would be entitled to do) to the jurisdiction of the Arbitral Tribunal."  (Id. at Ex. A at n.4.)

In addition, the Court finds erroneous the Debtors' assertions in their brief that Nova Hut "has asserted in the proceedings before the ICC that Debtors are not entitled to assert rights under the arbitration provision, that [Nova Hut] is not bound by the provisions of the Agreement, and that the arbitration that it successfully moved to compel is itself an 'abuse of process.'" (D.I. # 362 at 1.)  Nova Hut does not argue in its letter to the Arbitral Tribunal that the Debtors cannot assert rights under the arbitration clause generally or that Nova Hut is not bound by the arbitration clause of the Agreement. Instead, Nova Hut argues that the Debtors cannot consolidate the two arbitrations which they filed against Nova Hut and the IFC because the arbitration clause in the Agreement does not permit it.[4]  This is in stark contrast to the Debtors' characterization of Nova Hut's position.

---

[4] In addition, Nova Hut asserted that the arbitration rules do not permit consolidation in this case.  Of course, the Court will not decide whether consolidation is permitted under the Agreement or the arbitration rules.  The proper forum to decide that issue is the Arbitral Tribunal.

The Court finds that the Debtors have intentionally mischaracterized Nova Hut's position before the Arbitral Tribunal in their filing.  Rather than repudiate the arbitration clause or process, Nova Hut is merely asserting its rights under the arbitration clause (and the arbitration rules).  The Debtors' argument that Nova Hut's conduct in the arbitration proceeding is contrary to its prior position seeking arbitration and "constitutes a waiver of arbitration" is not supportable factually or legally.  Contrary to the Debtors' assertion, Nova Hut's conduct throughout this adversary proceeding and the arbitration has been to press its right to arbitration.  The cases cited by the Debtors are completely inapposite.  Cf. Nino v. The Jewelry Exch., Inc., 609 F.3d 191, 208-14 (3d Cir. 2010) (finding that employer had waived right to arbitrate by extensively participating in the litigation for 15 months before asking for arbitration); Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 222-25 (3d Cir. 2007) (finding waiver of right to arbitrate where party actively litigated the dispute for four years to the prejudice of the other party); St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Alum. Prods. Co., 969 F.2d 585, 589-91 (7th Cir. 1992) (finding that contractor had impliedly waived right to arbitrate by participating in litigation for ten months even if no prejudice to the other party was shown).

### ii. Request for security

In addition, the Debtors contend that Nova Hut's request for payment of security in advance for their costs in the arbitration proves that the Debtors are being prejudiced. (D.I. # 362 at 12.) Nova Hut contends that its request is in accordance with the arbitration procedures and evidences that Nova Hut has not waived its rights to arbitrate. (D.I. # 363 at 14.)

It is, of course, up to the Arbitral Tribunal to determine if Nova Hut is entitled to security for costs. Enforcement of the rules of arbitration is not, however, evidence that a party has waived its right to arbitrate. The fact that the Debtors have to comply with the arbitration rules is not grounds for granting relief from an order compelling arbitration under Rule 60(b)(6). A party may be relieved of its obligation to arbitrate if the other party has waived its right to arbitration to the prejudice of the moving party. The prejudice that supports a waiver argument, however, is the costs and delay inherent in the litigation <u>before</u> a party seeks arbitration, not the costs and time expended <u>after</u> the arbitration commences. Cf. <u>Nino</u>, 609 F.3d at 211-12 (prejudice existed where other party had to devote significant time, effort and money in the litigation before other party asserted arbitration rights); <u>Ehleiter</u>, 482 F.3d at 222-23 (factors relevant to prejudice include timeliness of arbitration request and degree that parties engaged in motion practice or

discovery in the litigation before that request).

### iii. Delay

The Debtors also argue that Nova Hut's actions are a delaying tactic. Nova Hut disputes this, contending that its letter to the Arbitral Tribunal was timely in accordance with the ICC procedures. The Court again will leave it to the Arbitral Tribunal to determine whether the request was timely. The Court notes, however, that the delay in the conclusion of the arbitration proceedings has so far been caused largely by the Debtors who did not even commence the arbitration proceedings until almost five years after the District Court's decision staying this adversary and compelling arbitration.

There is quite simply no basis under Rule 60(b)(6) to relieve the Debtors from the District Court's Order directing the parties to arbitrate their dispute. There has been no change of circumstances or "unforeseen contingencies" warranting relief. See, e.g., In re Vision Metals, Inc., 311 B.R. 692, 698 (Bankr. D. Del. 2004) ("Relief is appropriate under Rule 60(b) only upon a showing of exceptional circumstances and where, absent such relief, an extreme and unexpected hardship will result."); Commonwealth of Pennsylvania State Employees' Retirement Fund v. Durkalec (In re Durkalec), 21 B.R. 618, 620 (Bankr. E.D. Pa. 1982) (noting that the "principal purpose of Rule 60(b)(6) is to deal with unforeseen contingencies.").

       b.   <u>Abuse of Process</u>

The Debtors also contend that Nova Hut has argued before the Arbitral Tribunal that the institution of arbitration by the Debtors is an abuse of process.  (D.I. # 362 at 9.)  Nova Hut did contend that the Debtors' arbitration was an abuse of process because it asserted that the Arbitration Award was res judicata or collateral estoppel on the merits of the underlying claim that Nova Hut was entitled to draw on the letter of credit.  (<u>Id.</u> at Ex. A.)  The Debtors argue that this contention was already decided against Nova Hut when this Court denied its motion for summary judgment.  (D.I. # 362 at 9.)

The Court disagrees.  In deciding the summary judgment motion, the Court did not decide the merits of Nova Hut's res judicata or collateral estoppel argument.  375 B.R. at 125-26.  Rather, the Court found that there was a genuine issue of material fact in dispute, namely whether the Debtors were in privity with Kaiser Netherlands.  (<u>Id.</u>)  Therefore, there is no reason that Nova Hut cannot press that argument in the arbitration and, if it can establish privity, win on that point.  Its argument is not a basis to stop the arbitration.

   B.   <u>Section 1927 Award of Fees and Costs</u>

       1.   <u>Power to sanction under 28 U.S.C. § 1927</u>

Some courts conclude that the bankruptcy courts do not have the power to sanction under section 1927 of title 28.  <u>See, e.g.</u>,

In re Courtesy Inns, Inc., 40 F.3d 1084, 1085-87 (10th Cir. 1994) (holding that bankruptcy courts are not "court[s] of the United States" as defined in section 451 of title 28 and thus lack the power to sanction under § 1927, but affirming sanctions award under the bankruptcy court's inherent power under Rule 9011 and section 105); In re Arkansas Cmtys., Inc., 837 F.2d 1219, 1221 (8th Cir. 1987) (finding it "questionable" whether bankruptcy courts are courts of the United States for purposes of awarding § 1927 sanctions); In re Sandoval, 186 B.R. 490, 495-96 (9th Cir. BAP 1995) (holding that BAP "seemingly lacks authority" under § 1927 to award sanctions).

The Third Circuit, however, has held that bankruptcy courts have the power to grant sanctions under section 1927. See, e.g., In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 105 (3d Cir. 2008) (finding that although bankruptcy court is not a court of the United States, it has the authority to impose sanctions under § 1927 because it is a unit of the district court). See also In re Cohoes Indus. Terminal, Inc., 931 F.2d 222, 230 (2d Cir. 1991) (finding that a "bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927" without discussion).

Therefore, the Court concludes that it has the power to consider the motion for sanctions under section 1927.

2.  <u>Merits of motion for sanctions</u>

Nova Hut seeks its attorneys' fees and costs for being required to respond to the latest motion by the Debtors which seeks, once again, to do an end run around the arbitration proceedings and obtain discovery. Nova Hut asserts that the motion is not only "facially meritless" but the Debtors have "multiplied" the litigation by continuing to file motions in this Court more than five years after they were ordered to take their dispute to arbitration. Consequently, Nova Hut asserts that the Court should grant its attorneys' fees and costs incurred in responding to the instant motion.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The courts have used section 1927, inter alia, to sanction parties who file meritless motions under Rule 60(b). <u>See, e.g.</u>, <u>Travelers Ins. Co. v. St. Jude Hosp.</u>, 38 F.3d 1414, 1415 (5th Cir. 1994) (awarding costs associated with Rule 60(b)(6) motion where motion multiplied the proceedings); <u>FM Indus., Inc. v. Citicorp Credit Servs., Inc.</u>, 2008 WL 4722086, at *4 (N.D. Ill. 2008) (granting costs associated with Rule 60(b) motion which was "without legal or factual merit"); <u>In re Elonex Phase II Power Mgmt. Litig.</u>, 279

16

F. Supp. 2d 521, 523 (D. Del. 2003) (finding that filing meritless motion under Rule 60(b) "multiplies the proceedings" and warrants award of fees and costs).

The Court agrees that the Debtors' conduct warrants sanctions. For more than five years, the Debtors have sought to avoid the consequences of the District Court's March 18, 2004, Order and their obligation to arbitrate. The Debtors opposed all the motions to send their disputes with Nova Hut and the IFC to arbitration. (See D.I. ## 18, 19, 63, 65, 66, 67, 166, 169, 170,& 176.) When that failed, the Debtors sought to obtain discovery in this Court to which it would otherwise not be entitled under the arbitration rules. (See D.I. # 283.) After those efforts failed, the Debtors delayed filing any arbitration proceeding for almost five years. In the interim, the arbitration filed by Kaiser Netherlands was resolved, unfavorably to them. In an apparent effort to avoid losing in arbitration again, the Debtors now seek to be relieved of the effects of the District Court's Order by filing the instant motion based on mischaraterizations of legal positions asserted by Nova Hut in the Arbitral Tribunal.

The actions of the Debtors have unduly multiplied the proceedings and warrant an award of attorneys' fees and costs under section 1927. Hopefully, the imposition of sanctions will cause the Debtors to cease this improper activity, which wastes

not only counsel's time but the Court's as well.

IV.  CONCLUSION

For the foregoing reasons, the Court will deny the Debtors' motion for relief from the District Court Order dated March 16, 2004.  The Court will grant Nova Hut's request for costs and fees.

An appropriate Order is attached.

Dated: January 14, 2011            BY THE COURT:

*[signature]*

Mary F. Walrath
United States Bankruptcy Judge