**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| KAISER GROUP INTERNATIONAL, | ) | |
| INC., et al., | ) | Case No. 00-2263 (MFW) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | (Jointly Administered) |
| | ) | |
| KAISER GROUP INTERNATIONAL, | ) | |
| INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 01-928 (MFW) |
| | ) | |
| NOVA HUT a.s. and | ) | |
| INTERNATIONAL FINANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of ArcelorMittal Ostrava a.s. (formerly Nova Hut, a.s.) ("Nova Hut") (1) to lift the stay and confirm a 2016 arbitration award and (2) to dismiss with prejudice all claims against Nova Hut set forth in the Third Amended Complaint. Kaiser Group International, Inc. ("Kaiser International") and Kaiser Engineers, Inc. ("Kaiser Engineers") (collectively, the "Debtors") oppose the motion, asserting that the Court has grounds to refuse to enforce the arbitration award.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

For the reasons set forth below, the Court will grant Nova Hut's
Motion.

I.   <u>BACKGROUND</u>

In 1997, Nova Hut and ICF Kaiser Netherlands B.V. ("Kaiser
Netherlands"), a non-debtor wholly-owned subsidiary of Kaiser
International, entered into an agreement (the "Agreement")
whereby Kaiser Netherlands agreed to design and construct phase I
of a steel mill at Nova Hut's facility in Ostrava, Czech
Republic.  Under the Agreement, the steel mill was required to
pass a mandatory quality and quantity standards performance test.
Kaiser International guaranteed Kaiser Netherlands' performance
under the Agreement and pledged its assets as collateral for a
letter of credit (the "Performance Letter of Credit"), which
required annual renewal.  Nova Hut financed the project with
funds loaned to it by the International Finance Corporation
("IFC").  In exchange for the loan, IFC obtained a conditional
assignment of Nova Hut's rights under the Agreement.

On June 9, 2000, the Debtors, but not Kaiser Netherlands,
filed petitions for relief under chapter 11 of the Bankruptcy
Code.  In late 2000 the steel plant underwent a production
performance test.  Nova Hut asserted that it failed; Kaiser
Netherlands asserted that it passed.  Subsequently, Kaiser
Netherlands refused to renew the Performance Letter of Credit,

and on February 16, 2001, Nova Hut drew $11.1 million on the Performance Letter of Credit.

On April 9, 2001, the Debtors commenced the instant adversary proceeding by filing a complaint against Nova Hut and IFC (collectively, the "Defendants"), alleging breach of contract and seeking, inter alia, a return of the $11.1 million draw. (Adv. D.I. 1.)

Early in the proceeding, the Defendants moved to stay the adversary proceeding and compel arbitration, or alternatively, to dismiss the Complaint.  (Adv. D.I. 8, 11, 32, & 37.)  Before the motions to dismiss could be decided, the Debtors filed a Second Amended Complaint.  (Adv. D.I. 74.)  The Defendants thereupon moved to dismiss the Second Amended Complaint.  (Adv. D.I. 94, 105.)  On October 18, 2002, the Court denied the Defendant's motions to stay the adversary proceeding and to dismiss the Second Amended Complaint.  (Adv. D.I. 145.)

On October 21, 2002, the Debtors filed a Third Amended Complaint.  The Third Amended Complaint asserted: (1) claims for the return of the $11.1 million drawn on the Performance Letter of Credit under theories of breach of warranty, breach of contract, unjust enrichment, and quantum meruit; (2) a $510,000 claim by Kaiser Engineers relating to alleged engineering and financial services under a "Letter of Intent"; and (3) a $5.25 million claim for an alleged contingency fee under a "Memorandum

of Understanding."

On October 28, 2002, the Defendants each filed a motion for reconsideration of the Order denying their requests to stay the adversary proceeding and compel arbitration, or alternatively, to dismiss the Third Amended Complaint. (Adv. D.I. 147, 148, 154 & 155.) On January 6, 2003, the Court denied the motions for reconsideration, and the Defendants appealed. (Adv. D.I. 214, 217 & 218.)

On March 18, 2004, the District Court reversed, stayed the adversary proceeding, and granted Nova Hut's request to compel arbitration. Kaiser Group Int'l v. Nova Hut, a.s. (In re Kaiser Group Int'l), 307 B.R. 449 (D. Del. 2004). On remand, the Court ordered arbitration of the Debtors' claims against IFC as well. (Adv. D.I. 268.)

In the interim, on January 2, 2004, Kaiser Netherlands filed a Request for Arbitration against Nova Hut with the International Chamber of Commerce, International Court of Arbitration (the "ICC"). In that arbitration, Kaiser Netherlands asserted similar claims against Nova Hut as the Third Amended Complaint had. Nova Hut asserted counterclaims against Kaiser Netherlands for breach of the Agreement.

On April 26, 2006, the ICC issued a final award (the "2006 Arbitration Award") concluding that Kaiser Netherlands had failed to build the steel mill in accordance with the performance

4

requirements of the Agreement and that, as a result, Nova Hut was entitled to draw on the Performance Letter of Credit.  However, the ICC granted Kaiser Netherlands' claims for $3.5 million for the contingency fee and warranty reserve related to the Memorandum of Understanding and $510,000 in project development costs related to the Letter of Intent.

On December 13, 2006, Nova Hut filed a motion in the instant adversary proceeding to lift the automatic stay and grant summary judgment in its favor on res judicata and collateral estoppel grounds based on the 2006 Arbitration Award.  (Adv. D.I. 274.) On January 25, 2007, the Debtors filed a cross-motion for partial summary judgment.  (Adv. D.I. 279.)  By Opinion and Order dated September 7, 2007, the Court denied the cross-motions for summary judgment, finding a disputed issue of material fact, namely whether the Debtors were in privity with Kaiser Netherlands, such that the award against Kaiser Netherlands would be an award against the Debtors.  Kaiser Group, Int'l v. Nova Hut a.s. (In re Kaiser Group Int'l), 375 B.R. 120, 128 (Bankr. D. Del. 2007).

In connection with the summary judgment motions, the Debtors also filed a motion for an oral examination and production of documents from IFC, Nova Hut and related parties or, alternatively, an equitable bill of discovery (the "Discovery Motion").  (Adv. D.I. 283.)  At the hearing held on April 25, 2007, the Court ruled that the disputes between the parties were

subject to arbitration and that, therefore, any discovery relating to those disputes should be conducted in accordance with the applicable arbitration rules.  (Adv. D.I. 334.)  As a result the Court denied the Discovery Motion.  (Adv. D.I. 328.)  The Debtors filed a motion for an interlocutory appeal, which was denied by the District Court on January 29, 2009.  <u>Kaiser Group, Int'l v. Mittal Steel Ostrava, a.s., as agent of Nova Hut a.s. (In re Kaiser Group Int'l)</u>, 400 B.R. 140 (D. Del. 2009).  On March 22, 2010, the Third Circuit dismissed the appeal of the District Court Order because it was not a final order.  (Adv. D.I. 360.)

Thereafter, on April 6, 2010, the Debtors initiated two separate foreign arbitrations with the ICC, one against IFC (the "IFC Arbitration") and another against Nova Hut (the "Nova Hut Arbitration").

In the IFC Arbitration, the Debtors asserted that IFC had tortiously interfered with the performance guarantee between Kaiser International and Nova Hut regarding the Performance Letter of Credit.  The IFC Tribunal found that those claims were not barred by the statute of limitations, but found in favor of IFC on the merits of the underlying claim (the "IFC Award").  (Adv. D.I. 405, Ex. A.)  On January 27, 2014, on motion of IFC, the Court confirmed the IFC Award and dismissed IFC from the adversary proceeding.  (Adv. D.I. 405.)

Contemporaneously, the Debtors proceeded with the Nova Hut
Arbitration proceeding.  The Debtors brought claims relating to
the Performance Letter of Credit, but did not bring claims
relating to the Letter of Intent or the Memorandum of
Understanding.  On November 13, 2015, the Nova Hut Tribunal heard
oral argument on whether the statute of limitations barred the
Debtors' claims.  On March 29, 2016, the Nova Hut Tribunal found
that the statute of limitations barred the Debtors' claims and
awarded Nova Hut costs (the "Nova Hut Award").  The Nova Hut
Tribunal refused to toll the statute of limitations:

> In summary, for more than six years [the Debtors]
> sought to avoid the consequences of the District
> Court's March 16, 2004 Order.  For the largest part of
> these six years, they did so without any justified
> reason.  First, [the Debtors] remained passive
> vis-à-vis [Nova Hut] for more than 2.5 years after the
> US District Court's Order.  Even after they learned of
> the [2006 Arbitration Award] in the [2006 Arbitration]
> in May 2006 they remained inactive for 8 months.
> Further, [the Debtors] again failed to initiate
> arbitration for more than 2.5 years after the
> Bankruptcy Court's denial of [the Debtors'] discovery
> motion in April/May 2007 or, respectively, after the
> Bankruptcy Court's denial of [Nova Hut's] motion for
> summary judgment in September 2007.
>
> Considering the above delays and the surrounding
> circumstances, the [Nova Hut Tribunal] finds that [the
> Debtors] did not properly continue their lawsuit before
> the competent arbitral tribunal, irrespective of
> whether the applicable test is the one of "without
> undue delay" or the one of "immediately."

(Adv. D.I. 426, Ex. C, ¶¶ 162-63.)

On July 7, 2017, Nova Hut filed the instant Motion (1) to
lift the stay of these proceedings to confirm the Nova Hut Award

7

against the Debtors and (2) to dismiss with prejudice all counts
set forth in the Third Amended Complaint.  (Adv. D.I. 426.)  A
notice of completion of briefing was filed on October 29, 2017,
and this matter is now ripe for decision.  (Adv. D.I. 430.)


II.  <u>JURISDICTION</u>

The Court has jurisdiction over this adversary proceeding.
28 U.S.C. § 157(b)(2)(G).  The Court has the power to enter an
order on a motion to dismiss even if the matter is non-core or
the Court lacks authority to enter a final order on the merits.
<u>See, e.g.</u>, <u>Stanziale v. DMJ Gas-Mktg. Consultants, LLC (In re
Tri-Valley Corp.)</u>, Adv. No. 14-50446, 2015 WL 110074, at *1
(Bankr. D. Del. Jan. 7, 2015), (citing <u>Boyd v. Kind Par, LLC</u>, No.
11-CV-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011)
("[U]ncertainty regarding the bankruptcy court's ability to enter
a final judgment . . . does not deprive the bankruptcy court of
the power to entertain all pretrial proceedings, including
summary judgment motions.")).


III.  <u>DISCUSSION</u>

    A.  <u>Enforcement of the Nova Hut Award</u>

        1.  <u>Legal Standard</u>

The Convention on the Recognition and Enforcement of Foreign
Arbitral Awards (the "Convention") governs the enforcement of

foreign arbitrations.  June 10, 1958, 21 U.S.T. 2517, 330

U.N.T.S. 38 [hereinafter the "Convention"]; 9 U.S.C. § 201;

China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp., 334

F.3d 274, 279 (3d Cir. 2003).  The United States adopted and

enacted the Convention to "encourage the recognition and

enforcement of commercial arbitration agreements in international

contracts and to unify the standards by which agreements to

arbitrate are observed and arbitral awards are enforced in the

signatory countries."  Admart AG v. Stephen & Mary Birch Found.,

Inc., 457 F.3d 302, 307 (3d Cir. 2006) (citing Scherk v.

Alberto-Culver Co., 417 U.S. 506, 520 n.15 (1974)).  The

Convention provides:

> Within three years after an arbitral award falling
> under the Convention is made, any party to the
> arbitration may apply to any court having jurisdiction
> under this chapter for an order confirming the award as
> against any other party to the arbitration.  The court
> shall confirm the award unless it finds one of the
> grounds for refusal or deferral of recognition or
> enforcement of the award specified in the said
> Convention.

9 U.S.C § 207 (emphasis added).

Courts must confirm foreign arbitral awards falling under

the Convention "except in very limited circumstances."  China

Three Gorges Project Corp. v. Rotec Indus., Inc., No. CIV.A.

04-1510, 2005 WL 1813025, at *2 (D. Del. Aug. 2, 2005).  The

party seeking to vacate the arbitration has the burden to show

that a ground for refusal exists.  Id.

The grounds upon which a court may refuse to enforce a foreign arbitration are detailed in Article V of the Convention. Convention, art. V.; Chi Mei Corp., 334 F.3d at 279-80. The three grounds the Debtors rely upon are:

(1)(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case . . . .

(1)(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place . . . .

(2)(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country . . . .

Convention, art. V. (emphasis added). Courts must construe these defenses narrowly. Admart, 457 F.3d at 308.

        2.    Article V(1)(b) Defense

The Debtors argue they were unable to present their case because the Nova Hut Tribunal found that the claims were barred by the statute of limitations. Nova Hut responds that the Debtors had their day in court to argue their case and that arbitration claims dismissed on statute of limitations grounds are enforceable.

An Article V(1)(b) defense is akin to a "due process defense," and courts will only find a violation when a party was not given an opportunity to be heard at a meaningful time and in a meaningful manner. Calbex Mineral Ltd. v. ACC Res. Co., L.P.,

90 F. Supp. 3d 442, 458 (W.D. Pa. 2015) (citing Generica Ltd. v. Pharm. Basics, Inc., 125 F.3d 1123, 1129 (7th Cir. 1997)). Vacating an award is only proper if a tribunal deprives a party of a fair hearing.  Calbex, 90 F. Supp. 3d at 458.

The Court agrees with Nova Hut that the Debtors had a meaningful hearing.  This case is distinguishable from the Iran case cited in the Debtors' brief.  In that case, the foreign tribunal was considering a payment dispute between a manufacturer and a foreign government.  Iran Aircraft Indus. v. Avco Corp., 980 F.2d 141, 142 (2d Cir. 1992).  Prior to the arbitration, the tribunal instructed the manufacturer to submit a summarized list of invoices rather than the original invoices.  Id. at 143-44. The tribunal's members changed before the hearing.  Id. at 144. The new tribunal found in favor of the foreign government because the manufacturer failed to substantiate its claim with the original invoices.  Id.  When the foreign government moved to confirm the arbitration in the United States, the Second Circuit denied the motion on the grounds that the manufacturer was denied a meaningful hearing.  Id. at 146.  The court reasoned that a party is denied the right to present its case in a meaningful manner when a tribunal misleads it, resulting in an inability to present key evidence.  Id.

In the instant case, the Nova Hut Tribunal did not inhibit the Debtors from presenting their statute of limitations

11

argument.  The Debtors concede that the Nova Hut Tribunal
conducted oral argument on November 13, 2015, on the statute of
limitations issue.  The Debtors fully presented their case that
the statute of limitations should be tolled.  (Adv. D.I. 426, Ex.
C, ¶ 118.)  After weighing both parties' arguments, the Nova Hut
Tribunal made a well-reasoned decision that the statute of
limitations barred the claims.  (Adv. D.I. 426, Ex. C, ¶¶ 83-
172.)

     The Debtors do not raise any flaws with the Nova Hut
Arbitration proceeding, but simply challenge the Nova Hut
Tribunal's legal conclusions.  However to justify vacating an
arbitration award, an error must not be "simply an error of law,
but [one] which so affects the rights of a party that it may be
said that [the party] was deprived of a fair hearing."  Whitehead
v. Pullman Grp., LLC, 811 F.3d 116, 120 (3d Cir. 2016) (citation
omitted).  The scope of judicial review for an arbitrator's
decision is narrow, because allowing a full scrutiny of awards
would frustrate the entire purpose of arbitration.  Apex Plumbing
Supply, Inc. v. U.S. Supply Co., 142 F.3d 188, 193 (4th Cir.
1998).  Here, reviewing the Nova Hut Tribunal's legal conclusions
on the statute of limitations issue would frustrate the purpose
of arbitration.

     Any issues the Debtors had with respect to the underlying
decision should have been made by appealing that decision through

the proper channels.  The Debtors chose not to appeal the Nova
Hut Award.  (Adv. D.I. 426, Ex. F, § 589.)

Therefore, the Court concludes that Article V(1)(b) does not
provide grounds for the Court to refuse enforcement of the Nova
Hut Award.

### 3.   Article V(1)(d) and V(2)(a) Defenses

A court may also refuse enforcement of an award if "the
arbitral procedure was not in accordance with the agreement of
the parties" or the dispute was not "capable of settlement" by
arbitration.  Convention, art. V(1)(d); V(2)(a).  The Debtors
argue that both defenses apply because the Debtors never agreed
to arbitration.  Nova Hut responds that the District Court has
already decided that the Debtors could only pursue their claims
through arbitration.

The Court agrees with Nova Hut.  The District Court
expressly held that the Debtors may only pursue their claims
against Nova Hut through international arbitration.  Kaiser Grp.
Int'l, 307 B.R. at 457.  The Debtors may not collaterally attack
that decision now.  Therefore, the Court concludes that neither
Article V(1)(d) nor Article V(2)(a) provide grounds for the Court
to refuse to enforce the Nova Hut Award.

### 4.   Conflict with the IFC Award

The Debtors argue that the Nova Hut Award is unenforceable
because it is directly at odds with the IFC Award which held that

13

the statute of limitations did not bar the Debtor's underlying
claims against IFC.  The Debtors argue that the same activity
which the IFC Tribunal found tolled the three-year Austrian
statute of limitations in the IFC Arbitration was determined by
the Nova Hut Tribunal not to toll the same statute of
limitations.  The Debtors contend that when the IFC Award became
a judgment of this Court in 2014, part of the confirmation was
the finding that the statute of limitations should be tolled
under Austrian law.  (Adv. D.I. 405.)

Nova Hut responds that this argument fails to provide any
grounds under Article V of the Convention for refusal to enforce
an arbitration award.

The Court agrees with Nova Hut.  As noted above, the Debtors
provide no ground under the Convention for how a conflict between
the Nova Hut Award and the IFC Award would bar the Court from
enforcing either.  Therefore, the Court declines to set aside the
Nova Hut Award because the Debtors' argument is not enumerated in
Article V of the Convention.

Nova Hut further notes that neither res judicata nor
collateral estoppel bar enforcement of the Nova Hut Award because
the parties to the IFC Award and the parties to the Nova Hut
Award are different.

Res judicata is a judicial doctrine that precludes a party
from relitigating claims that were or could have been asserted in

an earlier action.  See e.g., IFC Interconsult, AG v. Safeguard
Int'l Partners, LLC, 438 F.3d 298, 320 (3d Cir. 2006).  The
doctrine of res judicata bars a party from bringing a claim if it
involves the same parties and claims as a previous lawsuit and if
the court reached a final judgment on the merits of those claims.
Id.  Here, res judicata is inapplicable because Nova Hut was not
a party to the IFC Arbitration.  Therefore, the IFC Award has no
preclusive effect that barred Nova Hut from defending itself
against the Debtor's arbitration action, including asserting that
the statute of limitations had expired on those claims.

Under the doctrine of collateral estoppel, once a court of
competent jurisdiction determines an issue, that determination is
conclusive in subsequent ligation on a different cause of action
against a party to the prior ligation.  Witkowski v. Welch, 173
F.3d 192, 198-99 (3d Cir. 1999).  For collateral estoppel to bar
a subsequent claim, the party against whom collateral estoppel is
asserted must, inter alia, have had a "full and fair opportunity
to litigate the issue in the prior action."  Nationwide Mut. Fire
Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir.
2009) (citation omitted).  In the instant case, Nova Hut did not
have a full and fair opportunity to litigate the statute of
limitations issue in the IFC Arbitration because it was not a
party.  Accordingly, collateral estoppel is inapplicable and does
not provide grounds for the Court to refuse to enforce the

Arbitration.

Consequently, the Court will recognize and confirm the Nova Hut Award.

B.   <u>Dismissal of Third Amended Complaint</u>

Nova Hut also asks the Court to lift the stay of the adversary proceeding and to dismiss the Third Amended Complaint. Nova Hut contends that Counts One, Two, Five, and Eight should be dismissed because the confirmation of the Nova Hut Award decided those claims. Nova Hut also contends that the Debtors waived the right to pursue the remainder of the claims in the Third Amended Complaint when they failed to bring them in the Nova Hut Arbitration. The Debtors do not respond to these arguments.

1.   <u>Counts One, Two, Five, Eight</u>

An order confirming an arbitration award, "shall be docketed as if it was rendered in an action" and "[t]he judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13; 9 U.S.C. § 208.

Counts One, Two, Five, and Eight of the Third Amended Complaint are claims for breach of warranty, breach of contract, unjust enrichment, and <u>quantum</u> <u>meruit</u> related to the Performance Letter of Credit. (D.I. 146, ¶¶ 46-59, 69-73, 84-88.) In the

Nova Hut Award, the Nova Hut Tribunal found that a request for relief on these grounds was barred by the statute of limitations. (Adv. D.I. 426, Ex. C.)  Accordingly, the Nova Hut Award resolves the Debtors' claims relating to the Performance Letter of Credit. Therefore, the Court will dismiss Counts One, Two, Five, and Eight with prejudice.

2.    Remaining Counts

Nova Hut further argues that the Court should dismiss the remaining claims, which relate to the Letter of Intent and Memorandum of Understanding, because the Debtors never raised them in the arbitration, even though the District Court directed the Debtors to arbitrate their claims against Nova Hut.  Kaiser Grp., 307 B.R. at 458.  By failing to bring these claims in the Nova Hut Arbitration, Nova Hut argues the Debtors have waived these claims.  The Debtors do not respond.[2]

The Court agrees with Nova Hut.  A waiver is the intentional relinquishment or abandonment of a known right or privilege.  In re Commc'n Dynamics, Inc., 382 B.R. 219, 230 (Bankr. D. Del. 2008).  Here, the District Court ordered the Debtors to arbitrate their claims against Nova Hut in the Third Amended Complaint.  Kaiser Grp., 307 B.R. at 458.  By failing to bring some of these claims in the Nova Hut Arbitration, the

---

[2]    It is likely that the Debtors did not press this claim because Kaiser Netherlands had already won those claims in the 2006 Arbitration Award.

Debtors have waived their right to assert them.  Therefore, the Court will dismiss the remaining claims with prejudice.


IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Nova Hut's Motion (1) to lift the stay to confirm the Nova Hut Award and (2) to dismiss all counts alleged against Nova Hut in the Third Amended Complaint with prejudice.

An appropriate Order follows.


Dated: January 8, 2018                BY THE COURT:


                                      Mary F. Walrath
                                      United States Bankruptcy Judge